OPINION
{¶ 1} On July 19, 2004, the Coshocton County Grand Jury indicted appellant, Benjamin Beyer, on one count of felonious assault in violation of R.C. 2903.11(A)(1). Said charge arose from the beating of Cody Thorpe in front of numerous witnesses.
 {¶ 2} A jury trial commenced on December 16, 2004. The jury found appellant guilty. By judgment entry filed March 23, 2005, the trial court sentenced appellant to three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY ON HOW TO REACH A VERDICT."
 I {¶ 6} Appellant claims the guilty verdict was against the manifest weight of the evidence. We disagree.
 {¶ 7} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 8} Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(1) which states, "No person shall knowingly * * * Cause serious physical harm to another or to another's unborn." Appellant argues the evidence failed to establish causation of "serous physical harm." It is appellant's position that there was insufficient evidence of him causing harm to Mr. Thorpe or stomping on his head. Appellant argues an alternative theory for Mr. Thorpe's injuries, namely, the testimony that Chasity Reigle, a witness to the incident, originally proclaimed Mr. Thorpe had been struck by a motor vehicle. T. at 161.
 {¶ 9} Five witnesses testified they observed appellant grab Mr. Thorpe as he was exiting a vehicle, slam him to the ground and kick him. T. at 113, 126-127, 154, 172-173, 192, 224. No one witnessed a vehicle hit Mr. Thorpe, in fact, one witness observed Mr. Thorpe's head in front of the front tire. T. at 141, 174, 192.
 {¶ 10} The attending physician and nurse noted Mr. Thorpe's abrasions to his head were in the outline of a shoe. T. at 238, 250.
 {¶ 11} Upon review, we find sufficient evidence to establish that appellant attacked Mr. Thorpe and stomped on his head causing his injuries, despite appellant's witness who claimed an assault did not occur. There was sufficient evidence by numerous witnesses and the driver of the motor vehicle that the vehicle did not hit Mr. Thorpe. We find no manifest miscarriage of justice.
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims the trial court erred in instructing the jury. We disagree.
 {¶ 14} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman (1988),37 Ohio St.3d 286.
 {¶ 15} Crim.R. 30(A) governs instructions and states as follows:
 {¶ 16} "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
 {¶ 17} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 18} Appellant did not object to the trial court's jury instructions. Based upon appellant's failure to object to the instructions and bring the issue to the trial court's attention for consideration, we must address this assignment under the plain error doctrine. State v. Williford (1990), 49 Ohio St.3d 247. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978), 53 Ohio St.2d 91; Crim.R. 52(B). Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, at paragraph three of the syllabus.
 {¶ 19} Appellant argues the instruction was deficient because the word "all" was used instead of "any":
 {¶ 20} "If you find the state proved beyond a reasonable doubt all of the essential elements of the offense of felonious assault as charged, your verdict must be guilty of felonious assault as charged. However, if you find the state failed to prove beyond a reasonable doubt all of the essential elements of felonious assault, then your verdict must be not guilty of that offense * * *. T. at 448. (Emphasis added.)
 {¶ 21} Because the jury found appellant guilty, it would never have had to use the second part of the instruction. The sole issue raised by the evidence was causation. Appellant claimed he did not cause Mr. Thorpe's injuries and the state claimed there was sufficient evidence, if believed, that appellant did cause Mr. Thorpe's injuries. The use of the word "all" instead of "any" is a semantic error and given the evidence presented, does not rise to the level of plain error.
 {¶ 22} Assignment of Error II is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.